IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Barbour, | ) C/A No. 9:10-2822-HFF-BM |
| Plaintiff, | ) |
| vs. | ) |
| Greensville Correctional Center, Arlington County Detention Center, Governmental Imprisonment Facilities; Western State Hospital, Governmental Mental Facilities Work Compensation for Wards of Them; United States Attorney General, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, (Plaintiff), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Red Onion State Prison in Pound, Virginia, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the United States Attorney General and various state governmental facilities as Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*,



551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

<u>Discussion</u>

Plaintiff, who is incarcerated in Virginia, filed the instant action seeking monetary damages for constitutional violations associated with Plaintiff being a "working ward of the governmental entities" named in the complaint. ECF No. 1, page 2. Shortly after receipt of the complaint, Plaintiff amended the pleading to add the United States Attorney General as a Defendant in the case. ECF No. 1-3. Plaintiff provided no service documents to the Court, and it was unclear from the complaint where the Defendants were located or where the actions giving rise to the claim transpired. Therefore, an Order was issued directing Plaintiff to answer special interrogatories to determine whether this Court was the appropriate venue for the instant action. ECF No. 6. Plaintiff's answers to the Court's special interrogatories more fully identify the Defendants in this action as: (1) the Greensville Correctional Center in Jarratt, Virginia; (2) the Arlington County Detention Center in Arlington, Virginia; and (3) the Western State Hospital in Stauton, Virginia. ECF No. 8, page 1. Plaintiff's interrogatory answers further indicate that he has not performed any labor within the State of South Carolina and that he is a legal resident of Arlington, Virginia. *Id.* at pages 1,2.[1]

---

[1] Plaintiff and Defendants Greensville Correctional Center and Arlington County Detention Center are located within the jurisdiction of the United States District Court for the Eastern District of Virginia. Defendant Western State Hospital appears to be located within the jurisdiction of the



Pursuant to 28 U.S.C. § 1391(b) a plaintiff's claim may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Further, under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In the instant action, none of the Defendants reside, or may be found, in the State of South Carolina, while Plaintiff's answers to the Court's interrogatories indicate that none of the acts giving rise to the complaint occurred in this State. However, the case could have been brought in the Eastern District of Virginia, where the majority of the Defendants are located, where the acts giving rise to this case apparently occurred, and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391. Even so, a review of the pleading reveals that a transfer of this action to the Eastern District of Virginia would not further the interests of justice, and that the case should instead by dismissed.

First, "an inmate is not entitled to compensation for assigned labor and a claim arising from the non-payment of wages to an inmate is not valid under 42 U.S.C. § 1983, whether asserted as a breach of contract, denial of equal protection, involuntary servitude or cruel and unusual punishment." *Harden v. Bodiford*, No. 6:09-cv-2362-RMG, 2010 WL 4365538 at *1 (D.S.C. Oct. 28, 2010)(citing *Newel v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977)(characterizing such a claim as

---

United States District Court for the Western District of Virginia.



"obviously without merit")).  *See also Anderson v. Morgan*, 898 F.2d 144 (4th Cir. 1990)(unpublished)(nonpayment of wages under prison work-release programs not actionable under § 1983); *Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980)(concluding inmate's claim regarding non-payment of wages warrants no relief under 42 U.S.C. § 1983).

    Secondly, Plaintiff has named several Defendants who are not amendable to suit under § 1983.  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).  The Defendants Greensville Correctional Center, Arlington County Detention Center, Governmental Imprisonment Facilities, Western State Hospital, and Governmental Mental Facilities Work Compensation for Wards of Them, are all Virginia State facilities used to house or provide services to prisoners.  As these Defendants are not "persons" amenable to suit under § 1983, they are entitled to dismissal from the instant action.



Finally, Plaintiff's claim against the United States Attorney General is also subject to summary dismissal. First, a *Bivens* [2] claim for monetary damages is available only against government officers in their individual capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-87 (1994). In the instant action, Plaintiff provides no indication that the United States Attorney General acted personally in the deprivation of Plaintiff's constitutional rights, and a complaint's general claims, absent any personal allegations against the defendant, are insufficient to state a claim under § 1983/*Bivens*. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Further, a suit against a federal official in his official capacity is a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.") However, the United States has sovereign immunity except where it consents to suit, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), and the United States has not waived sovereign immunity in a *Bivens* suit for monetary damages. *Radin v. U.S.*, 699 F.2d 681, 684-85 (4th Cir. 1983); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Van Schaick v. United States*, 586 F. Supp 1023, 1029 (D.S.C. 1983)(collecting cases). Thus, the United States Attorney General is entitled to dismissal from this case.

---

[2] As the United States Attorney General is a federal employee, claims against this individual are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982).



<u>Recommendation</u>

As Plaintiff's action is subject to dismissal when reviewed on the merits, a transfer of the case to another district court would not serve the interests of justice. Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 7, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

